**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

**Charles Kenyatta Jr**

               **Claimant,**                           **Civil Case No:**

               **-vs-**

**Khalfani Gourick**                                **COMPLAINT**

**Act Bad LLC**

               **Defendants.**

-------------------------------------------------------

Please Take Notice, to the above-entitled:

Charles Kenyatta Jr, Claimant herein, being duly sworn, deposes and says:

1. I am the pro-se claimant herein.
2. I make this motion, The <u>Original Claim</u> Statement of Facts Relevant to the claim herein:

---

**NATURE OF THE ACTION**

1. This is an action for willful and unlawful infringement of Plaintiff's federally registered trademark **"ACT BAD" AND "ACT BAD ENTERTAINMENT"**, arising under the **Lanham Act,** 15 U.S.C. §§ 1114 and 1125(a), and under New York common law.

2. Despite formal legal notice and a final ruling from the United States Patent and Trademark Office dismissing a cancellation proceeding **with prejudice,** Defendant has deliberately continued to use the **"ACT BAD" AND "ACT BAD ENTERTAINMENT"** mark in commerce, causing substantial consumer confusion, misappropriating Plaintiff's brand equity, and unjustly enriching themselves through infringing activity.

3. Defendant's conduct is willful, malicious, and constitutes a calculated effort to trade off the goodwill and brand recognition that Plaintiff has lawfully built under the **"ACT BAD" AND "ACT BAD ENTERTAINMENT"** name.

---

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark law).

5. This Court has supplemental jurisdiction over Plaintiff's common law claims under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in, transacts business in, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

7. Plaintiff **Charles Kenyatta Jr.** is an individual residing in Brocton, NY and is the sole and exclusive owner of the U.S. Trademark Registration for **"ACT BAD"** Registration No. 7177313 **and "ACT BAD ENTERTAINMENT"**, Registration No. 7310999 in use in commerce for clothing and lifestyle goods.

8. Upon information and belief, Defendants **Khalfani Gourick and Act Bad LLC**, is an individual or business entity located in Brookly, NY operating under the infringing Instagram handle **@ActBad_NY**, and conducting nationwide commerce via social media.

## FACTUAL BACKGROUND

9. Plaintiff is the lawful owner of U.S. Trademark Registration No. 7177313 AND 7310999 for **"ACT BAD" AND "ACT BAD ENTERTAINMENT"**, registered and in continuous use in U.S. commerce in connection with apparel and related merchandise since 2020.

10. Plaintiff's brand has acquired substantial goodwill, social media presence, and public recognition through lawful promotion, advertising, and sales under the **"ACT BAD"** mark.

11. On or about 02/5/2024, Defendant initiated a Petition to Cancel Plaintiff's trademark before the USPTO's Trademark Trial and Appeal Board. On 07/28/2025, that cancellation proceeding was **dismissed with prejudice,** affirming Plaintiff's exclusive rights and fully barring Defendant from relitigating ownership.

12. On 07/29/2025 and 08/24/2023, Plaintiff issued a formal **Cease and Desist Letter** to Defendant, providing written notice of Plaintiff's trademark rights and demanding that Defendant immediately cease all use of the "ACT BAD" and "ACT BAD ENERTAINMENT" mark and remove the **@ActBad_NY** Instagram account.

13. Defendant knowingly ignored the legal notice and has continued to infringe the mark by operating the @ActBad_NY account and promoting infringing products bearing the "ACT BAD" name.

14. Defendant's use of the "ACT BAD" mark is not authorized by Plaintiff, is not nominative or descriptive fair use, and is not otherwise legally excused. It is a direct and willful violation of federal and state trademark law.

15. Defendant's conduct has caused and is continuing to cause actual consumer confusion, dilution of brand value, and irreparable injury to Plaintiff's reputation and business prospects.

## ATTORNEY'S FEES INCURRED IN DEFENDING THE CANCELLATION PROCEEDING

16. Plaintiff further alleges that as a direct result of Defendant's wrongful conduct, including the filing of a frivolous and baseless Petition to Cancel Plaintiff's trademark with the United States Patent and Trademark Office, Plaintiff was forced to expend personal funds to retain legal counsel to defend the cancellation proceeding. Plaintiff incurred substantial attorney's fees, costs, and expenses in successfully defending that action, which was ultimately dismissed with prejudice by the Trademark Trial and Appeal Board. Defendant's filing of that cancellation was not only meritless but was intended to harass, burden, and force Plaintiff to surrender valid trademark rights. Accordingly, this case qualifies as an "exceptional case" under 15 U.S.C. § 1117(a), and Plaintiff is entitled to recover all reasonable attorney's fees incurred in both the administrative proceedings and this litigation.

---

Supporting Case Law (Include in Footnote or Legal Argument):

- Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014): The Supreme Court interpreted "exceptional" cases to include those where a party's conduct is "objectively unreasonable" or carried out in bad faith, even without direct fraud.

- Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 526 (D.C. Cir. 1985): The court upheld a fee award where the plaintiff was forced to incur costs to defend against clearly meritless trademark-related proceedings.

- Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 531 (2d Cir. 2018): Reaffirmed that an exceptional case includes litigation that was pursued in bad faith, for an improper purpose, or in disregard of known facts or controlling law.

- SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1181 (9th Cir. 2016): Court held attorneys' fees appropriate where the losing party engaged in misconduct or the case was unusually weak.

## SUFFICIENCY OF PLEADING

17. Plaintiff incorporates the above factual allegations and affirmatively alleges that this Complaint pleads sufficient facts to state a claim upon which relief can be granted under the standards set forth in **Bell Atl. Corp. v. Twombly**, 550 U.S. 544 (2007) and **Ashcroft v. Iqbal**, 556 U.S. 662 (2009). Plaintiff has alleged **(1)** valid and enforceable trademark rights; **(2)** unauthorized and infringing use of the identical mark by Defendant; **(3)** resulting confusion, harm, and damages; and **(4)** willful conduct on Defendant's part. The allegations in this Complaint are more than mere conclusory statements and are supported by detailed facts demonstrating a plausible claim for relief under the **Lanham Act** and New York common law.

---

## CLAIMS FOR RELIEF

### COUNT I – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

18. Plaintiff repeats and realleges Paragraphs 1–15 as if fully set forth herein.

19. Defendant's unauthorized use of the federally registered **"ACT BAD"** and **"ACT BAD ENTERTAINMENT"** mark constitutes infringement under 15 U.S.C. § 1114(1).

20. There is a high likelihood of confusion as to source, sponsorship, or affiliation among consumers based on Defendant's use of the identical mark in connection with similar goods.

21. As established in *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97 (2d Cir. 2009), likelihood of confusion is sufficient to establish infringement, and such confusion is presumed when the infringing mark is identical.

22. Plaintiff is entitled to injunctive relief, damages, profits, and treble damages for willful infringement.

---

## COUNT II – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

23. Plaintiff repeats and realleges Paragraphs 1–20.

24. Defendant's unauthorized use of "ACT BAD" or "ACT BAD ENTERTAINMENT" is likely to deceive and confuse consumers into believing that Defendant's products are affiliated with or endorsed by Plaintiff.

25. As held in *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992), use of a confusingly similar or identical mark in commerce that creates a false association violates § 1125(a) of the Lanham Act.

26. Plaintiff has suffered actual damages and irreparable harm as a result.

---

## COUNT III – WILLFUL TRADEMARK INFRINGEMENT (15 U.S.C. § 1117(b))

27. Plaintiff repeats and realleges Paragraphs 1–24.

28. Defendant had actual knowledge of Plaintiff's registered trademark rights as early as 08/24/2023, when Plaintiff issued a Cease and Desist Letter and as early as the date of the USPTO cancellation dismissal.

29. Defendant's deliberate and continued use of the "ACT BAD" mark after legal notice constitutes **willful infringement** under 15 U.S.C. § 1117(b).

30. Willful infringement is shown where the defendant was on notice and acted with intent to deceive or trade off of Plaintiff's goodwill. *See Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283 (2d Cir. 1999).

31. Plaintiff is entitled to enhanced damages, including **treble damages, disgorgement of profits, and attorneys' fees** under 15 U.S.C. § 1117(b).

---

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

32. Plaintiff repeats and realleges Paragraphs 1–29.

33. Defendant's conduct constitutes trademark infringement and unfair competition under New York common law.

34. As recognized in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867 (2d Cir. 1986), common law infringement closely parallels Lanham Act violations and provides additional grounds for relief.

35. Plaintiff is entitled to damages, punitive damages, and injunctive relief under state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in his favor and requests that this Court grant the following relief:

A. A permanent injunction prohibiting Defendant from using the "ACT BAD" AND "ACT BAD ENTERTAINMENT" mark or any confusingly similar variation thereof;

B. An order requiring the immediate removal and deactivation of the infringing Instagram account @ActBad_NY and any other social media or digital property using the "ACT BAD" name and removal of "ACT BAD LLC"

C. An accounting and disgorgement of all profits earned by Defendant in connection with the unauthorized use of the mark;

D. An award of actual damages or statutory damages as allowed by law;

E. An award of **monetary damages in the amount of One Million Dollars ($1,000,000.00)**, representing compensation for harm to Plaintiff's brand, reputation, and business opportunities, in addition to statutory and treble damages where applicable;

F. An award of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b) for willful infringement;

G. An award of punitive damages under state law for malicious and intentional misconduct;

H. Plaintiff's costs and disbursements incurred in this action; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: 08/18/2025

Respectfully submitted,

*Charles Kenyatta Jr.*

**Charles Kenyatta Jr.**

Lakeview Correctional Facility

9300 Lake Ave

PO Box T

Brocton, NY 14716

Pro Se Plaintiff