UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR.,

Plaintiff,

-v-

KHALFANI GOURICK, ET AL.

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2026

**ORDER**

25-CV-6941 (AS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On March 4, 2026, the Court entered a Scheduling Order for Damages Inquest directing Plaintiff to serve Proposed Findings of Fact and Conclusions of Law concerning all damages. *See* ECF No. 32. On March 9, 2026, Plaintiff's Proposed Findings of Fact and Conclusions of Law Regarding Damages, ECF No. 33 (the "Proposed Findings"), were filed on the docket.

"[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983, 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 4532201. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

1

Upon initial review, the Proposed Findings are inadequate to establish damages with reasonable certainty.  Plaintiff must submit admissible evidence that supports the relief he seeks.  The failure to do so will result in a recommendation that final judgment not be entered in the amount claimed.  The Court includes below a non-exhaustive list of specific deficiencies in the Proposed Findings that Plaintiff must cure:

1.  Plaintiff lists Exhibits A–J on page 17 of the Proposed Findings, but only filed Exhibits A, B, and I.

2.  Although Plaintiff includes a list of exhibits on page 17 of the Proposed Findings, these exhibits are not otherwise discussed in the Proposed Findings.  Plaintiff must file all of his exhibits and describe each document's relevance to his alleged damages.

3.  Plaintiff emailed documents to the undersigned's chambers.  However, these documents were not filed on the docket, nor are they discussed in the Proposed Findings.  Further, it is unclear how these documents relate to this case or how these documents corroborate Plaintiff's damages.  Plaintiff must file these documents if he wants the Court to consider them along with the Proposed Findings, and Plaintiff must explain why these documents are relevant.[1]

4.  Pursuant to the Court's order at ECF No. 32 (the "Order"):

---

[1] While Plaintiff may email a spreadsheet calculating attorneys' fees to the undersigned's chambers pursuant to the Court's order at ECF No. 32, the calculation must also be included in a document filed on the docket.  The spreadsheet is merely meant to assist the Court in reviewing Plaintiff's alleged damages.

Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate. Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate.

Order at 3.  Plaintiff must comply with these instructions if he is seeking attorneys' fees.

5.  Pursuant to the Court's order at ECF No. 32:

Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that supports each such Proposed Finding. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

Order at 3.  Plaintiff must comply with this instruction for the Court to consider his Proposed Findings.

6.  Plaintiff does not demonstrate how he arrived at the numbers he asserts as damages.  Merely asserting a number without providing evidence to support it or showing how it was calculated is insufficient.

Plaintiff is directed to file an amended version of his Proposed Findings of Fact and Conclusions of Law that comply with these directions and those included in the Order by **May 4, 2026**.  Plaintiff shall also serve Defendants with the amended Proposed Findings of Fact and Conclusions of Law, as well as the Court's Order at ECF No. 32, and this order, and file proof of service by **May 4, 2026**. Defendants shall file their response, if any, no later than **May 25, 2026**.

**SO ORDERED.**

Dated: March 11, 2026
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge