UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR.,

Plaintiff,

-v-

KHALFANI GOURICK, ET AL.

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/2026

**ORDER**

25-CV-6941 (AS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On March 9, 2026, Plaintiff's Proposed Findings of Fact and Conclusions of Law Regarding Damages, ECF No. 33, were entered on the docket. After an initial review of Plaintiff's filing, on March 11, 2026, the Court directed Plaintiff to "submit admissible evidence that supports the relief he seeks." ECF No. 35 (the "Order") at 2 (emphasis in original). The Court also noted in the Order that "Plaintiff does not demonstrate how he arrived at the numbers he asserts as damages. Merely asserting a number without providing evidence to support it or showing how it was calculated is insufficient." *Id.* at 3. The Court then instructed Plaintiff to file an amended version of his Proposed Findings of Fact and Conclusions of Law. *Id.*

On March 16, 2026, Plaintiff's Amended Proposed Findings of Fact and Conclusions of Law Regarding Damages, ECF No. 36 (the "Amended Findings") was entered on the docket. From an initial review, Plaintiff's Amended Findings does not provide sufficient evidence for the Court to ascertain damages with reasonable certainty. For example, Plaintiff states that "[t]he estimated amount of $300,000

1

reflects the significant harm caused by Defendants' continued promotion of infringing ACT BAD-branded merchandise . . . . Because Defendants defaulted and failed to produce financial records, the precise financial impact of the infringement cannot be determined." Amended Findings at 9. Similarly, Plaintiff asserts that "[t]he estimated amount of $300,000 reflects the commercial value of the ACT BAD brand and the business opportunities lost as a result of Defendants' promotion of infringing ACT BAD-branded apparel . . . . Because Defendants defaulted and failed to produce financial records relating to their sales or profits, Plaintiff cannot determine the exact amount of diverted sales or lost business opportunities." *Id.* at 10. While Defendants may not have produced financial records, Plaintiff presumably has information about any financial harm that he suffered and any business opportunity that he lost. As stated previously, Plaintiff must explain how he calculated his estimates and must submit evidence to support these calculations. Otherwise, the Court might conclude that there is no basis for Plaintiff's estimates and that there is no evidence to support them.

Additionally, the Order directed Plaintiff to "serve Defendants with the amended Proposed Findings of Fact and Conclusions of Law, as well as the Court's Order at ECF No. 32, and this order, and file proof of service." Order at 3. Instead, Plaintiff filed proofs of service that appear to relate to service of a summons. ECF Nos. 37, 38.

Plaintiff shall file a Second Amended Proposed Findings of Fact and Conclusions of Law by **May 4, 2026**. Plaintiff must serve Defendants with the

Second Amended Proposed Findings of Fact and Conclusions of Law, as well as the Court's orders at ECF Nos. 32, 35 and this order, and file proof of service of those documents by **May 4, 2026**.  Defendants shall file their response, if any, no later than **May 26, 2026**.

**SO ORDERED.**

Dated: April 9, 2026
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

3