May 1, 2026

RECEIVED
SDNY PRO SE OFFICE

2026 MAY -1  PM 1: 44

The motion to vacate the default judgment is GRANTED, in light of plaintiff consenting to litigate this case on the merits, Dkt. 48. Khalfani Gourick should treat the entry of this order as beginning the deadline for him to respond to the complaint. Defendants are also advised that Act Bad LLC is an organizational defendant, and "[c]orporations, nonprofit organizations, and other artificial entities cannot proceed pro se." *Sikhs for Just. v. Mann*, No. 23 CIV. 2578 (AT), 2023 WL 2876736, at *1 (S.D.N.Y. Apr. 10, 2023). This means that, while Gourick may represent himself, Act Bad LLC must be represented by counsel.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 16, 2026

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
CHARLES KENYATTA JR., Case No. 25-CV-6941 (AS) (HJR) Hon. Andrew L. Carter, Jr. Plaintiff, Hon. Henry J. Ricardo (Referred to Magistrate Judge v. Ricardo for damages inquest) KHALFANI GOURICK and ACT BAD LLC, DEFENDANT'S MOTION TO Defendants. VACATE ENTRY OF DEFAULT PURSUANT TO RULES 55(c), 60(b)(4), AND 12(b)(2)-(5)
TO THE HONORABLE ANDREW L. CARTER, JR., UNITED STATES DISTRICT JUDGE:
Defendant Khalfani Gourick ("Defendant" or "Mr. Gourick"), proceeding pro se, respectfully moves this Court to:
(1) Vacate the entry of default and any default judgment entered against Defendant pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4); (2) Dismiss this action for lack of personal jurisdiction pursuant to Rules 12(b)(2) and 12(b)(5) based on insufficient service of process; (3) Alternatively, order a traverse hearing to determine the validity of service; and (4) Grant Defendant leave to respond to the Complaint.
This Motion is brought on the grounds that Plaintiff failed to properly effectuate service of process upon Defendant in violation of Federal Rule of Civil Procedure 4. Specifically, Plaintiff served process at a former residence where Defendant had not lived since 2019, rather than Defendant's actual current residence where he has lived since 2019. Because service was constitutionally and procedurally defective, this Court lacks personal jurisdiction over Defendant, rendering any default judgment void ab initio. Defendant files this Motion promptly upon learning of this action and respectfully submits that vacatur is mandated under controlling Second Circuit precedent.
PRELIMINARY STATEMENT
This Motion challenges a fundamental jurisdictional defect: the purported service of process upon Defendant was defective and insufficient under Rule 4 because it was directed to a former residence where Defendant had not lived since 2019, rather than Defendant's actual current residence where he has lived continuously since 2019. Where service is effected at a former address and not at the defendant's actual "dwelling house or usual place of abode" at the time of service, it is constitutionally inadequate, the Court lacks personal jurisdiction, and any resulting default judgment is void—not merely voidable, but void from its inception. See Covington Indus.,

Inc. v. Resintex A.G., 629 F.2d 730, 735 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity").

Defendant did not appear, answer, or otherwise participate in this action prior to discovering its existence on April 29, 2026, because he was never properly served at his actual residence. This Motion constitutes Defendant's first appearance and is made solely to contest jurisdiction and the validity of the default. Defendant expressly preserves all defenses under Rules 12(b)(2) and 12(b)(5) and does not waive any jurisdictional objections by this limited appearance. See Bartner v. DeBiasse, 20 F.R.D. 355, 357 (E.D.N.Y. 1957) ("A defendant need no longer appear specially to attack the court's jurisdiction over him... within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance").

LEGAL STANDARD

I. A Default Judgment Entered Without Personal Jurisdiction Is Void Under Rule 60(b)(4)

Under Federal Rule of Civil Procedure 60(b)(4), a court may relieve a party from a final judgment if "the judgment is void." A judgment is void when the court lacks personal jurisdiction over the defendant. As the Second Circuit established in Covington Industries, "a judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity." 629 F.2d at 735. When service of process is defective, "the district court does not have jurisdiction over the defendant; if a default judgment has been entered, it is void under Rule 60(b)(4)." Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986).

Critically, Rule 60(b)(4) motions based on voidness are not subject to the one-year time limitation applicable to other grounds. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment"); Coney Island Journalism Fund v. N.Y.C. Parks Dep't, 142 S. Ct. 1696, 1699 (2022). Defendant brings this Motion promptly upon learning of this action on April 29, 2026, satisfying the "reasonable time" requirement.

II. The Court Has Independent Authority—and Duty—to Review Jurisdiction Sua Sponte

Even when a defendant defaults, the Second Circuit has made clear that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010); see also Hood v. Ascent Med. Corp., 691 F. App'x 8, 9-10 (2d Cir. 2017) (courts may sua sponte revisit default before damages inquest completed).

This Court recognized this duty in its Scheduling Order: "Moreover, where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider sua sponte whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction." ECF No. 32 at 2 (citing Hood, 2016 WL 1366920, at *6). Defendant respectfully submits that the Court's duty to ensure proper jurisdiction is even more compelling now that Defendant has appeared and affirmatively challenged service at a former residence.

III. Rule 55(c) Standard: Vacatur Is Appropriate Where Default Was Not Willful and Meritorious Defenses Exist

Under Rule 55(c), a court may set aside an entry of default for "good cause shown." The Second Circuit applies a three-factor test: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Courts "generally disfavor" default

judgments and have expressed a "preference for resolving disputes on the merits." Id. at 95-96; see also Ortega Juarez v. Mi Mexico Mini Market & Grocery Inc., 2025 WL 318979, at *1 (S.D.N.Y. Jan. 27, 2025).

IV. A Sworn Denial of Service Mandates a Traverse Hearing

When a defendant submits a sworn denial of service, "the presumption of proper service established by the process server's affidavit" is rebutted, "and necessitates an evidentiary hearing." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). No such hearing is required only where "the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." Id.

ARGUMENT

A. Service of Process Was Defective and Insufficient Under Rule 4

Plaintiff Served Process at Defendant's Former Residence, Not His Current "Dwelling House or Usual Place of Abode"

Defendant respectfully avers that Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 4(e)(2), which permits service on an individual by:

(a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy to an agent authorized by appointment or by law to receive service of process.

Critically, Rule 4(e)(2)(B) requires service at the defendant's "dwelling house or usual place of abode" at the time service is attempted—not at a former residence where the defendant no longer lives.

Defendant's residence history is as follows:

• From [prior to 2019] through 2019: 192 E 40th Street Apt. 2F, Brooklyn NY 11203 • From 2019 to present: 422 S. Clinton Street, East Orange, New Jersey 07018 (Defendant's current and only residence for over six years)

Plaintiff's purported service was directed to:

192 E 40th Street Apt. 2F Brooklyn NY 11203

This was Defendant's former address, where he had not resided since 2019—approximately six years prior to the attempted service and seven years prior to when this case was filed in 2025. By serving a former residence where Defendant had not lived since 2019, Plaintiff failed to effectuate valid service under Rule 4(e)(2)(B).

No Valid Substitute Service Was Effected

Rule 4(e)(2)(B) permits substitute service only when process is left at the defendant's "dwelling house or usual place of abode" with a person "of suitable age and discretion" who resides there. Defendant avers:

• Defendant has not resided at 192 E 40th Street Apt. 2F, Brooklyn NY 11203 since 2019; • Defendant has resided continuously at 422 S. Clinton Street, East Orange, New Jersey 07018 since 2019; • Defendant does not know and has never authorized any person at the Brooklyn address to accept service for him; • No person at Defendant's actual residence (422 S. Clinton Street, East Orange, NJ) was ever approached by a process server; • No one at Defendant's actual residence accepted service on his behalf; • Defendant did not receive any mailing related to this action. Because the attempted service was at a former residence rather than Defendant's current "usual place of abode," any purported service was constitutionally defective and insufficient to establish personal jurisdiction.

Plaintiff Failed to Exercise Due Diligence in Locating Defendant's Current Address

By attempting service at an address where Defendant had not resided since 2019, Plaintiff failed to exercise reasonable diligence in ascertaining Defendant's current whereabouts. Courts have held that plaintiffs must make reasonable efforts to locate defendants' current addresses before attempting service. See generally 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1133 (4th ed. 2024) (discussing due diligence requirements).

Plaintiff's reliance on a six-year-old address, without any apparent effort to verify Defendant's current residence, demonstrates a failure to comply with the due diligence requirements inherent in the service process. Defendant has maintained the same residence in East Orange, New Jersey since 2019—readily discoverable through public records, DMV records, or basic investigative efforts.

The Return of Service Is Rebutted by Defendant's Sworn Denial

Under the Second Circuit's controlling precedent in Old Republic Insurance, a process server's return of service creates only a "presumption of proper service." 301 F.3d at 57. That presumption is overcome by Defendant's sworn denial. Defendant has submitted a Declaration under penalty of perjury affirming that:

• He last resided at the Brooklyn address in 2019; • He has not lived there for approximately six years; • He was never served at his actual current residence; • He first learned of this action on April 29, 2026.

This Court must now hold a traverse hearing to resolve this factual dispute. "A defendant's sworn denial of receipt of service... rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. (emphasis added). The Second Circuit has made clear that no hearing is required only where "the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." Id. Here, Defendant has submitted a detailed, sworn denial that specifically contradicts the purported service and establishes that service was attempted at a former residence.

B. The Default Judgment Is Void and Must Be Vacated

Because service was defective, this Court lacks personal jurisdiction over Defendant. "[I]f service upon a defendant is later found to be defective, Courts generally hold that the district court does not have jurisdiction over the defendant; if a default judgment has been entered, it is void under Rule 60(b)(4)." Triad Energy Corp., 110 F.R.D. at 385.

This is not a case of "excusable neglect" under Rule 60(b)(1). Rather, this is the rare case where the judgment itself is void ab initio because the Court never obtained jurisdiction over the defendant—the service having been directed to a former residence where Defendant had not lived for six years. See Covington Indus., 629 F.2d at 735 (judgment against parties not subject to personal jurisdiction is a "nullity").

C. The Default Was Not Willful

Under the Enron Oil factors, the Court must consider whether the default was "willful." A default is willful when it results from "bad faith or fault" or when it is "deliberate or calculated." Dave's Specialty Imports, Inc. v. Produce for Less, Inc., 2021 WL 1229113, at *4 (E.D.N.Y. Mar. 31, 2021). Here, Defendant's default was not willful—it was the direct result of Defendant's complete lack of notice of this action due to defective service at a former residence. Defendant first learned of this lawsuit on April 29, 2026, and immediately took steps to address it. Defendant respectfully submits that a default caused by a plaintiff's failure to properly serve process at a defendant's current residence—and instead attempting service at a former address abandoned six years

prior—cannot be deemed "willful" on the part of the defendant.

D. No Prejudice Will Result from Vacatur

Vacating the default will not prejudice Plaintiff. No trial has occurred, and the damages inquest has not been completed. Plaintiff will have the opportunity to pursue its claims on the merits should the Court find jurisdiction exists. The Second Circuit's "preference for resolving disputes on the merits" strongly favors vacatur. Enron Oil Corp., 10 F.3d at 96.

Moreover, any prejudice to Plaintiff is of its own making. By failing to exercise due diligence in locating Defendant's current address and instead attempting service at a six-year-old former residence, Plaintiff created the circumstances necessitating this Motion.

E. Defendant Has Meritorious Defenses

Defendant has meritorious defenses to Plaintiff's claims, including but not limited to:

1. Lack of personal jurisdiction due to insufficient service of process at a former residence; 2. Failure to state a claim upon which relief can be granted; 3. Disputed facts regarding the alleged trademark infringement and damages; 4. Plaintiff's failure to prove damages with reasonable certainty as required by Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); 5. Various affirmative defenses to be raised in an answer.

These defenses are sufficient to satisfy the third Enron Oil factor.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Vacate the entry of default and any default judgment entered against Defendant; 2. Dismiss this action for lack of personal jurisdiction due to insufficient service of process at a former residence; 3. Alternatively, order a traverse hearing to determine the validity of service; 4. Grant Defendant leave to respond to the Complaint; and 5. Grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

Respectfully submitted,

KHALFANI GOURICK Defendant, Pro Se 422 S. Clinton Street East Orange, New Jersey 07018

CERTIFICATE OF SERVICE

I, Khalfani Gourick, certify that on May 1, 2026, I served a true and correct copy of the foregoing MOTION TO VACATE ENTRY OF DEFAULT upon:

Charles Kenyatta Jr. DIN #22B3002 Elmira Correctional Facility 1879 Davis Street P.O. Box 500 Elmira, NY 14901

by mailing the same via United States Postal Service, First-Class Mail, postage prepaid, to the address above.

KHALFANI GOURICK

DECLARATION OF KHALFANI GOURICK IN SUPPORT OF MOTION TO VACATE

I, Khalfani Gourick, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

I am the Defendant in the above-captioned action. I am competent to testify to the matters set forth herein based on my personal knowledge.

I previously resided at the following address, but moved out in 2019: 192 E 40th Street Apt. 2F Brooklyn NY 11203

My current and actual residence, where I have lived continuously since 2019, is: 422 S. Clinton Street East Orange, New Jersey 07018 United States

At the time Plaintiff claims to have effected service (in or after 2025), I had not resided at the Brooklyn address for approximately six years.

I was never personally served with the summons and complaint in this action at any location, including but not limited to my former Brooklyn address and my current East Orange residence.

No person of suitable age and discretion at my actual residence (422 S. Clinton Street, East Orange, NJ) accepted service on my behalf.

I did not authorize any person to accept service for me at the Brooklyn address or any other address.

I did not receive any mailing related to this lawsuit until I discovered its existence on April 29, 2026.

I first learned of this action on April 29, 2026, when I had a chance encounter with a prior neighbor who informed me of the lawsuit.

Upon learning of this action, I immediately took steps to investigate and file this Motion to Vacate.

I have maintained the same residence at 422 S. Clinton Street, East Orange, New Jersey since 2019, and this address was readily ascertainable through public records.

I have submitted this Declaration under penalty of perjury to rebut the presumption of proper service established by Plaintiff's purported proof of service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 1, 2026


Signature of Khalfani Gourick