GRANTED, as is Gourick's motion for the Court to accept his untimely-filed answer.

The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 51 and 53.

July 16, 2026

Gourick is again reminded that, while he may proceed *pro se* in an individual capacity, if Act Bad LLC will contest this suit it must be represented by counsel. He should also sign up for ECF notifications.

RECEIVED SDNY PRO SE OFFICE 2026 JUL 17 PM 3:42

The Clerk of Court should ensure that this is mailed to all parties, in addition to digital service.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 5, 2026

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR., x
Plaintiff, Case No. 25-CV-6941 (AS) (HJR) - against - Hon. Andrew L. Carter, Jr. Hon. Henry J. Ricardo
KHALFANI GOURICK and ACT BAD LLC,
Defendants.

______________________________________________x

**DEFENDANT KHALFANI GOURICK'S MOTION FOR LEAVE TO FILE AMENDED ANSWER WITH COUNTERCLAIMS**

Defendant Khalfani Gourick ("Mr. Gourick"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file his proposed First Amended Answer with Counterclaims, a copy of which is attached hereto as **Exhibit A**. This motion is made on the grounds that the proposed counterclaims are compulsory under Federal Rule of Civil Procedure 13(a) and will be waived if not included in a responsive pleading. Under the liberal standard for amendment, and because there is no undue delay, bad faith, prejudice to the Plaintiff, or futility, justice requires that leave be freely given.

**PRELIMINARY STATEMENT**

This motion seeks permission to file an Amended Answer to add two standard, meritorious counterclaims that arise directly from the allegations in Plaintiff's Complaint: (1) a declaratory judgment of non-infringement; and (2) a declaratory judgment of trademark invalidity and abandonment. These counterclaims are compulsory under Federal Rule of Civil Procedure 13(a). Because Mr. Gourick has already filed his initial Answer, the only proper procedural mechanism to assert these compulsory claims and avoid permanent waiver is to amend his Answer.

The Second Circuit has a "strong preference for resolving disputes on the merits," and Rule 15(a)(2) requires that leave to amend be "freely give[n] when justice so requires." The case is in its infancy; no discovery has occurred, and Plaintiff, having consented to litigating on the merits, will suffer no prejudice. The proposed counterclaims are not futile—indeed, they are "presumptively appropriate" in trademark infringement actions. For these reasons, and as set forth more fully below, Mr. Gourick respectfully requests that the Court grant this motion.

**BACKGROUND**

On June 16, 2026, this Court granted Mr. Gourick's motion to vacate the entry of default and directed him to respond to the Complaint. ECF No. 49.

On July 15, 2026, Mr. Gourick, proceeding pro se, timely filed his Answer to the Complaint.

Mr. Gourick now seeks to amend his Answer to add two compulsory counterclaims that arise directly from Plaintiff's allegations of trademark infringement: a. **Counterclaim I:** For a declaratory judgment of non-infringement, pursuant to 28 U.S.C. § 2201 and the Lanham Act. b. **Counterclaim II:** For a declaratory judgment that any trademark rights Plaintiff may claim are invalid and/or have been abandoned due to non-use, pursuant to 15 U.S.C. § 1127 and § 1064. These counterclaims were omitted from the initial Answer due to Mr. Gourick's pro se status and lack of familiarity with federal pleading rules. This motion is filed promptly upon his recognition of the need to assert these claims to avoid waiver.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." This is a "permissive standard" reflecting the Second Circuit's "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011).

Leave to amend may be denied only for "good reason," such as "(1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party[,] or (4) would be futile." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010); *see also Kamal v. G E R Industries, Inc.*, No. 19-CV-2 Kamal (JPO), 2021 WL 1851481, at *2 (S.D.N.Y. May 10, 2021).

"The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." *Ametepe v. Peak Time Parking, Corp.*, No. 18-CV-6311 (VEC), 2019 WL 3037233, at *2 (S.D.N.Y. July 10, 2019); *see also Vasquez v. The Reece School*, No. 21-CV-7888 (JPO), 2024 WL 498967, at *1 (S.D.N.Y. Feb. 8, 2024) (citing *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020)).

**ARGUMENT**

**I. The Proposed Counterclaims Are Compulsory and Will Be Waived If Not Added**

Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Here, Plaintiff's claims are for trademark infringement. Mr. Gourick's proposed counterclaims—for non-infringement and a declaration that Plaintiff's mark is invalid/abandoned—arise from the very same subject matter.

Failure to assert a compulsory counterclaim results in a permanent waiver. As the Federal Circuit has held, "a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation." *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). To avoid this harsh penalty, Mr. Gourick must amend his Answer to include these claims.

**II. Leave to Amend Should Be Freely Granted Under Rule 15(a)(2)**

The factors governing leave to amend all weigh heavily in Mr. Gourick's favor.

**A. There Is No Undue Delay or Bad Faith**

Mr. Gourick is proceeding pro se and has acted diligently since first learning of this action. He

promptly moved to vacate the default, and he filed his Answer on time. This motion to amend is being filed immediately thereafter. There is no evidence of a dilatory motive or bad faith; Mr. Gourick simply seeks to assert standard, compulsory counterclaims necessary to fully resolve this dispute on the merits.

**B. Plaintiff Will Suffer No Prejudice**

This case is in its earliest procedural stage. No scheduling order has been entered, and no discovery has taken place. The amendment will not require Plaintiff to expend significant additional resources or delay the resolution of this case. Indeed, the Court's order vacating the default was entered specifically because Plaintiff consented to litigating this case on the merits. Allowing Mr. Gourick to assert counterclaims that are inextricably intertwined with Plaintiff's claims is fully consistent with that consent and will cause no prejudice.

**C. The Proposed Counterclaims Are Not Futile**

A proposed amendment is futile only if it would not withstand a motion to dismiss under Rule 12(b)(6). The proposed counterclaims are not only plausible but are "presumptively appropriate" in trademark infringement actions. *See Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, 624 F. Supp. 2d 610, 617 (W.D. Ky. 2008) ("[C]ourts routinely permit counterclaims for declaratory judgment that the marks sought to be enforced are invalid and unenforceable."). Furthermore, a counterclaim for cancellation of a trademark is not duplicative of an invalidity defense, as it "may potentially afford Defendant different or additional relief." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014).

Moreover, the abandonment counterclaim is supported by well-established precedent. Under 15 U.S.C. § 1127, non-use of a mark for three consecutive years constitutes prima facie evidence of abandonment, and the alleged infringer must then prove both non-use and no intent to resume use in the reasonably foreseeable future. *See Atallah Group US Inc. v. GMA Accessories, Inc.*, No. 22-CV-1033, 2023 WL 6225433 (S.D.N.Y. Sept. 26, 2023). The doctrine of 'naked licensing'—failure to exercise reasonable quality control—similarly destroys trademark rights. *See Movie Mania Metro, Inc. v. GZ DVD's Inc.*, 857 N.W.2d 677 (Mich. Ct. App. 2014); *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509 (9th Cir. 2010).

Furthermore, this Court is aware that Plaintiff is an incarcerated individual who has previously litigated service-of-process deficiencies in a parallel action involving the same ACT BAD mark. *See Kenyatta v. Combs*, No. 1:24-cv-06923-JGK-GS (S.D.N.Y.). The factual premise of the abandonment counterclaim—that Plaintiff is physically and legally incapable of exercising quality control over goods bearing the ACT BAD mark due to his incarceration and applicable DOCCS regulations—is not speculative; it is grounded in the public record of Plaintiff's status and the regulatory framework governing incarcerated individuals in New York State.

**CONCLUSION**

For the foregoing reasons, Defendant Khalfani Gourick respectfully requests that the Court grant his motion for leave to file his First Amended Answer with Counterclaims and direct that the proposed Amended Answer, attached as Exhibit A, be deemed filed and served.

Dated: July 20, 2026 New York, New York

Respectfully submitted,

Khalfani Gourick Defendant, Pro Se 422 S. Clinton Street East Orange, New Jersey 07018

**CERTIFICATE OF SERVICE**

I, Khalfani Gourick, hereby certify that on this 20th day of July, 2026, I served a true and correct copy of the foregoing Motion for Leave to File Amended Answer with Counterclaims and the attached proposed First Amended Answer (Exhibit A) upon the Plaintiff by mailing it via United States Postal Service, First-Class Mail, to the following address:

Charles Kenyatta Jr. DIN #22B3002 Sing Sing Correctional Facility 354 Hunter Street Ossining, NY 10562

I declare under penalty of perjury that the foregoing is true and correct.

Khalfani Gourick

July 16, 2026

RECEIVED
SDNY PRO SE OFFICE
2026 JUL 17 PM 3: 42

**EXHIBIT A**
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR., x
Plaintiff, Case No. 25-CV-6941 (AS) (HJR) - against - Hon. Andrew L. Carter, Jr. Hon. Henry J. Ricardo KHALFANI GOURICK and ACT BAD LLC,**PROPOSED FIRST AMENDED** Defendants. **ANSWER WITH COUNTERCLAIMS**______________________________________________x **OF KHALFANI GOURICK**
Defendant Khalfani Gourick ("Mr. Gourick"), proceeding pro se, submits this First Amended Answer with Counterclaims to the Complaint filed by Plaintiff Charles Kenyatta Jr. ("Plaintiff").

**I. INTRODUCTORY PARAGRAPHS**

This Answer is submitted on behalf of Mr. Gourick in his individual capacity only. Pursuant to the Court's Order dated June 16, 2026 (ECF No. 49), Defendant Act Bad LLC, as an organizational defendant, must be represented by counsel and cannot proceed pro se. The Court's Order explicitly stated that "Act Bad LLC is an organizational defendant, and '[c]orporations, nonprofit organizations, and other artificial entities cannot proceed pro se.'" *See Sikhs for Just. v. Mann*, No. 23 CIV. 2578 (AT), 2023 WL 2876736, at *1 (S.D.N.Y. Apr. 10, 2023). Therefore, this pleading does not and cannot constitute an appearance or responsive pleading on behalf of Defendant Act Bad LLC.

**II. GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Mr. Gourick denies generally each and every allegation, statement, and averment contained in the Complaint.

**III. RESPONSES TO SPECIFIC COUNTS**

Without waiving the foregoing General Denial, and responding to the specific counts for relief as best as he can discern them from the Complaint, Mr. Gourick responds as follows:

**COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))**

Mr. Gourick denies each and every allegation set forth in the paragraphs related to Plaintiff's claim for trademark infringement.

**COUNT II: UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

Mr. Gourick denies each and every allegation set forth in the paragraphs related to Plaintiff's

claim for unfair competition.

**IV. AFFIRMATIVE DEFENSES**

Mr. Gourick asserts the following affirmative defenses without assuming the burden of proof for any issue where such burden properly lies with the Plaintiff.

**FIRST AFFIRMATIVE DEFENSE(Preservation of Jurisdictional Defenses)**

Defendant preserves, without waiving, his defenses that this Court lacks personal jurisdiction over him under Federal Rule of Civil Procedure 12(b)(2) and that service of process was insufficient under Rule 12(b)(5), as more fully set forth in his Motion to Vacate Entry of Default (ECF No. 43), which this Court granted on June 16, 2026. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010); *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). This Amended Answer is filed without waiver of any such defenses and is submitted solely because this Court directed the parties to proceed on the merits.

**SECOND AFFIRMATIVE DEFENSE(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**THIRD AFFIRMATIVE DEFENSE (Statute of Limitations / Laches)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the equitable doctrine of laches. To establish laches, a defendant must show that (1) Plaintiff had knowledge of Defendant's use of the alleged mark, (2) Plaintiff inexcusably delayed in taking action, and (3) Defendant will be prejudiced by permitting Plaintiff to assert its rights at this time. *See Ivani Contracting Corp. v. Rovner*, 624 F. App'x 34, 38 (2d Cir. 2015); *Vaad L'Hafotzas Sichos In English v. Kehot Publ'n Soc'y Int'l, Inc.*, 410 F. Supp. 2d 792, 799 (S.D.N.Y. 2006).

**FOURTH AFFIRMATIVE DEFENSE(Failure to Mitigate Damages)**

Plaintiff has failed to take reasonable steps to mitigate any alleged damages.

**FIFTH AFFIRMATIVE DEFENSE (Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands due to Plaintiff's inequitable conduct, including asserting speculative damages, submitting defective filings, and overreaching in his trademark claims.

**SIXTH AFFIRMATIVE DEFENSE (Fair Use / First Amendment / No Likelihood of Confusion)**

Mr. Gourick's use of any term claimed by Plaintiff constitutes fair use and/or protected expression under the First Amendment. *See Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *Twin Peaks Productions, Inc. v. Publications International, Ltd.*, 996 F.2d 1366 (2d Cir. 1993); *Societe Comptoir De L'Industrie Cotonniere Etablissements Boussac v. Alexander's Department Stores, Inc.*, 299 F.2d 33 (2d Cir. 1962). Plaintiff cannot establish a likelihood of confusion under the factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961).

**SEVENTH AFFIRMATIVE DEFENSE (Lack of Actual Damages)**

Plaintiff has not suffered any actual damages or lost profits with the reasonable certainty required by law. Damages must be ascertained with reasonable certainty. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *U.S. Bank Nat'l Ass'n v. Nanan*, No. 21-CV-3851, 2022 WL 16932615, at *4 (E.D.N.Y. Nov. 10, 2022).

**EIGHTH AFFIRMATIVE DEFENSE (No Willful Infringement)**

Mr. Gourick's alleged actions were not willful, intentional, or in bad faith.

**NINTH AFFIRMATIVE DEFENSE(Speculative Damages)**

Any damages claimed by Plaintiff are speculative and not recoverable as a matter of law. *See Hartford Fire Ins. Co. v. Queens Cnty. Carting Inc.*, No. 20-CV-1687, 2022 WL 1090709, at *2 (S.D.N.Y.

Apr. 5, 2022); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *LM Ins. Corp. v. Halleluyah Restoration, LLC*, No. CV 23-139, 2025 WL 39129, at *4 (S.D. Ga. Jan. 10, 2025).

**TENTH AFFIRMATIVE DEFENSE (Plaintiff Is Not Entitled to Attorneys' Fees)**

Plaintiff is not entitled to attorneys' fees because he is proceeding pro se and has not submitted the required documentation for any retained counsel. *See Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 326 (S.D.N.Y. 2008); *Kay v. Ehrler*, 499 U.S. 432 (1991); *Roman Maria v. Rouge Tomate Chelsea LLC*, No. 19-CV-1959, 2021 WL 1143138 (S.D.N.Y. Mar. 22, 2021); *Hilldun Corp. v. N:Philanthropy LLC*, No. 23-CV-4060, 2024 WL 4873039 (S.D.N.Y. Oct. 30, 2024).

**V. COUNTERCLAIMS**

Defendant-Counterclaimant Khalfani Gourick ("Gourick") asserts the following counterclaims against Plaintiff-Counterdefendant Charles Kenyatta Jr. ("Kenyatta").

**FIRST COUNTERCLAIM (Declaratory Judgment of Non-Infringement) (28 U.S.C. § 2201; 15 U.S.C. § 1125(a))**

This is a counterclaim for a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1125(a).

An actual and justiciable controversy exists between Gourick and Kenyatta because Kenyatta filed the Complaint in this action, accusing Gourick of trademark infringement and unfair competition.

Gourick seeks a judicial declaration that his use of the ACT BAD mark, or any similar mark, does not constitute trademark infringement, does not create a likelihood of confusion, and does not violate 15 U.S.C. § 1125(a) or any other provision of the Lanham Act.

Gourick's use is expressive, artistic, and/or descriptive and falls outside the scope of any legitimate trademark rights Kenyatta may claim.

A declaratory judgment is necessary and proper to resolve the uncertainty and controversy created by Kenyatta's claims. *See Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305 (S.D.N.Y. 2000) (declaratory judgment of non-infringement is a proper remedy); *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, 624 F. Supp. 2d 610, 617 (W.D. Ky. 2008) (counterclaims for declaratory relief are "presumptively appropriate" in trademark cases).

**SECOND COUNTERCLAIM (Declaratory Judgment of Abandonment and Invalidity) (15 U.S.C. § 1127; 15 U.S.C. § 1064)**

This is a counterclaim for a declaratory judgment that any trademark rights Kenyatta claims in the ACT BAD mark are invalid and have been abandoned.

Plaintiff holds federal trademark registrations for ACT BAD (U.S. Reg. No. 7,177,313, issued September 26, 2023) and ACT BAD ENTERTAINMENT (U.S. Reg. No. 7,310,999, issued February 20, 2024). These registrations are subject to cancellation under 15 U.S.C. § 1064(3) on the grounds of abandonment. See Atallah Group US Inc. v. GMA Accessories, Inc., No. 22-CV-1033, 2023 WL 6225433 (S.D.N.Y. Sept. 26, 2023).

Kenyatta is an incarcerated individual housed at Sing Sing Correctional Facility, bearing Department Identification Number (DIN) #22B3002.

On information and belief, Kenyatta has been incarcerated since at least 2022, as evidenced by his DIN.

During his incarceration, Kenyatta has been unable to manufacture, sell, distribute, or otherwise use the ACT BAD mark in commerce. Furthermore, he has been physically unable to supervise the nature and quality of any goods or services bearing the ACT BAD mark.

Under New York State Department of Corrections and Community Supervision (DOCCS)

regulations, an incarcerated individual is effectively prohibited from operating a business from prison. See 7 NYCRR § 720.7 (Business Mail), which permits "business mail" only for limited purposes such as sending payment to a vendor for an approved purchase, and specifically prohibits incarcerated individuals from using business correspondence to order goods on credit or incur continuing financial obligations.

DOCCS Directive 4422 (Correspondence Program) further provides that correspondence must comply with Part 720 and warns that using mail in violation of DOCCS regulations or incarcerated individual behavior rules may result in disciplinary action. The Standards of Incarcerated Individual Behavior (Rulebook), referenced in Directive 4422, prohibits using mail, phones, or other privileges in ways that threaten facility security or facilitate unauthorized activities. Conducting a commercial enterprise through those privileges could be treated as misuse and lead to discipline.

The practical effect of these regulations is that a New York State prisoner generally may not: operate a business; manage employees; solicit customers; negotiate contracts; or buy and sell merchandise as a commercial enterprise from prison. While an incarcerated person may continue to own a business interest, he may not actively direct its day-to-day operations from prison.

A trademark owner who fails to exercise reasonable quality control over goods sold under their mark engages in 'naked licensing,' which results in the abandonment of trademark rights. See Movie Mania Metro, Inc. v. GZ DVD's Inc., 857 N.W.2d 677 (Mich. Ct. App. 2014) (naked licensing destroys a mark's distinctiveness and renders it invalid); FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 516 (9th Cir. 2010) (naked licensing is 'inherently deceptive and constitutes abandonment'); Neo4j, Inc. v. PureThink, LLC, No. 19-CV-01686, 2020 WL 2766046, at *10 (N.D. Cal. May 29, 2020) (uncontrolled or naked licensing may result in the trademark ceasing to function as a symbol of quality). Kenyatta's incarceration, and the DOCCS regulations that prohibit him from actively operating a business, managing employees, supervising production, or exercising quality control from prison, render him incapable of exercising such control. Any purported control exercised through third parties without his direct supervision constitutes naked licensing.

Under the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned when its use has been discontinued with intent not to resume such use. Non-use for three (3) consecutive years constitutes prima facie evidence of abandonment.

Kenyatta has not used the ACT BAD mark in commerce for at least three consecutive years. Due to his incarceration and the DOCCS regulations prohibiting him from operating a business, soliciting customers, negotiating contracts, or buying and selling merchandise as a commercial enterprise from prison, he has been physically and legally incapable of using the mark in commerce.

As a result, any common law rights Kenyatta may have had in the ACT BAD mark are abandoned and invalid.

To the extent Plaintiff holds a federal registration, the burden is on Plaintiff to demonstrate that the mark has retained its significance as an indicator of origin despite his failure to exercise quality control. See Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1074 (5th Cir. 1997) (abandonment requires showing the mark has 'lost its significance as a mark').

This Court is further aware that Plaintiff is an incarcerated individual who has previously litigated service-of-process deficiencies in a parallel action involving the same ACT BAD mark. See

Kenyatta v. Combs, No. 1:24-cv-06923-JGK-GS (S.D.N.Y.). In that action, the court noted that 'proper service of process is an independent prerequisite to the Court's ability to exercise personal jurisdiction over the defendant.' Plaintiff's status as an incarcerated individual subject to DOCCS regulations is a matter of public record and is not disputed.

Gourick seeks a judicial declaration that: (a) Kenyatta's ACT BAD mark is abandoned and invalid; (b) if a federal registration exists, it be cancelled; and (c) Kenyatta has no enforceable trademark rights in the ACT BAD mark.

**VI. RESERVATION OF DEFENSES**

Mr. Gourick reserves the right to assert additional affirmative defenses as they become known through discovery and further investigation.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Defendant-Counterclaimant Khalfani Gourick respectfully requests that the Court enter judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety with prejudice;

B. On the First Counterclaim, entering a declaratory judgment that Mr. Gourick's use of the ACT BAD mark does not infringe any rights of Kenyatta;

C. On the Second Counterclaim, entering a declaratory judgment that Kenyatta's ACT BAD mark is abandoned and invalid;

D. On the Second Counterclaim, if applicable, ordering the Director of the U.S. Patent and Trademark Office to cancel any federal trademark registration for the ACT BAD mark owned by Kenyatta;

E. Awarding Mr. Gourick his costs and expenses incurred in defending this action; and

F. Granting such other and further relief as the Court deems just and proper.

Dated: July 16, 2026 New York, New York

Respectfully submitted,

Khalfani Gourick Defendant-Counterclaimant, Pro Se 422 S. Clinton Street East Orange, New Jersey 07018

**CERTIFICATE OF SERVICE**

I, Khalfani Gourick, hereby certify that on this 16th day of July, 2026, I served a true and correct copy of the foregoing Proposed First Amended Answer with Counterclaims upon the Plaintiff by mailing it via United States Postal Service, First-Class Mail, to the following address:

Charles Kenyatta Jr. DIN #22B3002 Sing Sing Correctional Facility 354 Hunter Street Ossining, NY 10562

I declare under penalty of perjury that the foregoing is true and correct.

Khalfani Gourick